

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00307-CR

---

CHASE THOMAS HUNT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 32675A, Honorable Dee Johnson, Presiding

---

April 15, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Chase Thomas Hunt, pleaded guilty to a charge of aggravated robbery and requested that a jury assess punishment. After hearing evidence on punishment, the jury assessed punishment at twenty-five years imprisonment. The trial court imposed sentence accordingly. On appeal, appellant challenges two items in the bill of costs. We affirm the trial court's judgment as modified.

### Background

Referenced in the trial court's judgment of conviction is the bill of costs associated with the cause. The updated version of the bill of costs includes two items of which appellant complains: assessment of court-appointed attorney's fees in the amount of $3,924.30 and imposition of a time payment fee of $15. The State has waived its opportunity to brief the issues, and we will modify the trial court's judgment and affirm the judgment as modified.

### Attorney's Fees

Via his first issue, appellant questions the assessment of attorney's fees against him in both the judgment and bill of costs. We sustain the issue.

The trial court appointed counsel for appellant both at trial and on appeal. The record before us does not indicate that appellant became financially capable of retaining his own counsel. Neither appellant nor the State sought reconsideration of the indigence determination and, it appears, the trial court did not reconsider that determination.

An indigent defendant is entitled to have an attorney appointed for representation in criminal proceedings at no cost. TEX. CODE CRIM. PROC. ANN. art. 1.051(c). We presume an indigent criminal defendant remains indigent absent evidence of a material change in his financial circumstances. *See id.* art. 26.04(p). When, as here, there is no evidence that a defendant can pay court-appointed attorney's fees, the proper remedy is to reform the judgment by deleting the provision to repay court-appointed attorney's fees. *Guerrero v. State*, No. 07-24-00091-CR, 2024 Tex. App. LEXIS 7442, at *3 (Tex. App.—Amarillo Oct. 17, 2024, no pet.) (mem. op., not designated for publication). We therefore modify the judgment by deleting the order for appellant to repay court-appointed attorney's fees. We also modify the bill of costs to remove the entry related to court-

2

appointed attorney's fees. *See id.* at *3–4; *see also Pruitt v. State*, 646 S.W.3d 879, 883 (Tex. App.—Amarillo 2022, no pet.) (noting an appellate court has authority on direct appeal to modify a bill of costs independent of finding an error in the trial court's judgment).

### *Time Payment Fee*

In his second issue, appellant questions the assessment of the time payment fee of $15 within the bill of costs. We sustain the issue.

Like the payment of fines, costs, and restitution, the payment of the time payment fee is suspended while an appeal is pending. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Moreover, the duty to pay the fee depends on whether fines, costs, and the like go unpaid within the time period mentioned in the statute; the person has until the 31st day after the date on which the judgment is entered to avoid the obligation. *See* TEX. CODE CRIM. PROC. ANN. art. 102.030 (a)(2). Because appellant appealed his conviction, the $15 time payment assessment is premature and should be deleted without prejudice to subsequent assessment. Thus, we modify the judgment and bill of costs to exclude assessment of the fee at this time. *See Guerrero*, 2024 Tex. App. LEXIS 7442, at *4.

Having sustained appellant's issues presented on appeal, we modify the judgment and the bill of costs as herein described. We affirm the trial court's judgment as modified.


Brian Quinn
Chief Justice


Do not publish.

3